IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                    RESPONDENT

vs.                    Criminal No. 4:12-cr-40011-SOH-BAB
                       Civil No. 4:15-cv-04014

SAMUEL B. GARRISON                                          MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Movant is Samuel B. Garrison ("Garrison") who is proceeding *pro se*. On January 29, 2015, Garrison filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 48. After being directed by the Court to respond, the Government filed a response to this Motion. ECF No. 53.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the response; and based upon that review, the Court recommends this Motion be **DENIED**.

**1.      Procedural Background**:[1]

On March 7, 2012, Garrison was named in a four-count Indictment. ECF No. 1. Count 1 charged Garrison with conspiracy to distribute more than 5 kilograms of a mixture or substance containing a detectable amount of cocaine. *Id.* Count 2 charged Garrison with conspiracy to manufacture and distribute more than 280 grams of cocaine. *Id.* Counts 3 and 4 charged him with aiding and abetting in distributing a mixture or substance containing a detectable amount of cocaine. *Id.*

---

[1] The procedural background is taken from the Motion and Response filed in this matter as well as the Court's docket in this matter.

On March 18, 2012, Garrison appeared for arraignment with counsel, Tonda Curry, and entered a plea of not guilty to Counts 1-4.  ECF No. 8.  Thereafter, on March 18, 2013, Garrison appeared with counsel, Clifton Holmes and Tonda Curry, before the Honorable U.S. District Judge Susan O. Hickey for a change of plea hearing.  ECF No. 25.  A written plea agreement was presented to Judge Hickey which set forth Garrison's agreement to plead guilty to Count 3 of the Indictment.  ECF No. 26.  In exchange for that plea of guilty, the Government agreed to dismiss Counts 1, 2, and 4 at sentencing.  *Id.*  Judge Hickey tentatively approved the plea agreement and ordered a Presentence Investigation Report ("PSR").  ECF No. 25.

On August 27, 2013, pursuant to the United States Sentencing Guidelines ("USSG"), the Probation Office issued Garrison's initial PSR.  ECF No. 32.  Neither Garrison nor the Government offered objections to the PSR.  On October 25, 2013, the Probation Office issued Garrison's final revised PSR.  ECF No. 40.  The PSR determined Garrison's total offense level to be 41 and his criminal history Category to be VI.  This resulted in a guideline range of 360 months to life imprisonment.  Because Count 3 carried a statutory maximum of 20 years imprisonment, the PSR recommended a term of 240 months imprisonment.  *Id.*  On October 29, 2013, Garrison appeared with counsel, Gregory A. Waldron, for sentencing.  ECF No. 41.

After granting the Government's 5K1.1 motion for downward departure due to substantial assistance, Judge Hickey sentenced Garrison to 220 months in prison, 3 years of supervised release, and a $100 special assessment.  ECF No. 44.  After imposing Garrison's sentence, Judge Hickey advised Garrison that he had 14 days in which to file an appeal of his sentence and conviction notwithstanding his appellate waiver.  ECF No. 52 at 26.  On October 30, 2013, Judge Hickey entered a final judgment in this matter.  ECF No. 44.

On January 29, 2015, Garrison filed the instant *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 48. With this Motion, Garrison raises two grounds of ineffective assistance of counsel:

> 1. Whether pretrial counsel's acts and omissions were ineffective under the Sixth Amendment to the Constitution of the United States where they failed to: (1) Conduct an adequate pretrial investigation; (2) File any substantive pretrial motions; (3) Properly inform Garrison of the circumstances and likely consequences of pleading guilty as opposed to proceeding to trial including informing him of the minimum and maximum sentence; and (4) Attempt to negotiate a favorable Plea Agreement.
>
> 2. Whether sentencing counsel was ineffective under the Sixth Amendment to the Constitution of the United States when they failed to: (1) Discuss and explain the Presentence Report; (2) File any objections to the Presentence Report; and (3) File a Notice of Appeal on behalf of Garrison after he requested that they do so.

ECF No. 48 at 2.

The Government responded to this Motion on March 25, 2015. ECF No. 53. In this response, the Government claims Garrison's Motion is time-barred. *Id.* at 1-8. In the alternative, the Government claims that even if Garrison's Motion is not time-barred, Garrison has failed to meet the requirements for relief under 2255. ECF No. 53 at 8-40. Finally, the Government argues that no evidentiary hearing is required and no certificate of appealability should issue. ECF No. 53 at 40-43. This Motion is now ripe for consideration.

**2.    Applicable Law**:

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**3.    Discussion**:

In the substantive portion of his Motion, Garrison raises several ineffective assistance of counsel claims. Upon review, however, the Court finds this Motion is time-barred. Thus, the Court will not address these substantive claims.

### A.    One-Year Statute of Limitations

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction.

A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). When a defendant fails to file a notice of appeal from the judgment of the trial court, his conviction is final upon the expiration of the time for filing a notice of appeal, which is fourteen days after the entry of the judgment. FED. R. APP. P. 4(b). *See Wims v. United States*, 225 F.3d 186, 188 (2nd Cir. 2000).

In the present case, the judgment was entered on October 30, 2013. ECF No. 44. Movant's notice of appeal was due fourteen days later. *See* FED. R. APP. P. 4(b)(1)(A). Since the Movant did not appeal his conviction, his conviction became final for purposes of § 2255 no later than November

13, 2013. Thus, the present Motion had to be filed one year later or by November 13, 2014. Despite this fact, this Motion was not filed until January 29, 2015, over two months too late.

### B.      Excuse for Delay

Garrison claims his failure to file a timely notice of appeal should be excused. ECF No. 48 at 28-31. Specifically, in his briefing, Garrison claims he directed his counsel to file a notice of appeal, but his counsel did not do so. *Id.* Garrison does not offer any evidence–apart from his bare claim on this matter–that he directed his counsel to file a notice of appeal. *Id.* In his briefing, Garrison recognizes that he must prove by a "preponderance of the evidence" that he requested his counsel file a notice of appeal. *Id. See United States v. Tapp,* 491 F.3d 263, 266 (5th Cir. 2007). Here, however, Garrison has supplied no evidence that he did indeed request an appeal notice be filed.

Further, at the hearing on October 29, 2013, Judge Hickey notified Garrison that he had fourteen days to file a notice of appeal: "Now, Mr. Garrison, I'm going to tell you about your appeal rights. In paragraph eight of your Plea Agreement, you waived your right to appeal both conviction and sentence you received in this case, except under certain circumstances. If you do decide you want to appeal, you must do so within 14 days of entry of the judgment in this case, which will be sometime this week, hopefully today or tomorrow. *You have 14 days to appeal.*" ECF No. 52 at 26 (emphasis added).

Thus, even if his counsel refused or simply failed to file a timely notice of appeal, Movant was aware of the fourteen day deadline and could have filed his own *pro se* notice of appeal. Finally, apart from his claim on this matter, Garrison has not shown that the deadline should be tolled for any

other reason.[2] *See* ECF No. 48. Thus, this Motion (ECF No. 48) should be dismissed as time-barred.

**4. Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter. Garrison is clearly not entitled to the relief he seeks.[3] Further, I find Garrison has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

**5. Conclusion**:

Garrison's Motion is time-barred under the AEDPA one-year statute of limitations. Garrison was required to file this Motion by November 13, 2014 but did not file it until January 29, 2015. Thus, it was untimely filed.

**6. Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 48) be **DENIED** and dismissed with prejudice.[4] I also recommend any request of a certificate of appealability be **DENIED**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

---

[2] This includes any equitable tolling. *See United States v. Martin,* 408 F.3d 1089, 1092-93 (8th Cir. 2005).

[3] *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

[4] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*

**objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

    **DATED** this **22nd day of June 2015.**

                                                /s/ Barry A. Bryant  
                                                HON. BARRY A. BRYANT  
                                                U.S. MAGISTRATE JUDGE