IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                      RESPONDENT

vs.                          Criminal No. 4:12-cr-40011-SOH-BAB
                             Civil No. 4:19-cv-4005

SAMUEL B. GARRISON                                                MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant is Samuel B. Garrison ("Garrison") who is proceeding *pro se*. On January 22, 2019, Garrison filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 73. After being directed by the Court to respond, the Government filed a response to this Motion. ECF No. 77.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the response; and based upon that review, the Court recommends this Motion be **DENIED**.

1.      **Procedural Background**:[1]

On March 7, 2012, Garrison was named in a four-count Indictment. ECF No. 1. On March 18, 2012, Garrison appeared for arraignment with counsel, Tonda Curry, and entered a plea of not guilty to Counts 1-4. ECF No. 8. Thereafter, on March 18, 2013, Garrison appeared with counsel, Clifton Holmes and Tonda Curry, before the Honorable U.S. District Judge Susan O. Hickey for a and pled guilty to Count 3 of the Indictment, aiding and abetting in distributing a mixture or

---

[1]The procedural background is taken from the Motion and Response filed in this matter as well as the Court's docket in this matter. Garrison filed a previous motion pursuant to 28 U.S.C. § 2255 and a detailed background is set out in the Court's Report and Recommendation of June 22, 2015. ECF No.57. It will not be repeated here except as necessary for discussion of the pending Motion.

substance containing a detectable amount of cocaine.  ECF Nos. 25-26.

On October 29, 2013, Garrison appeared with counsel, Gregory A. Waldron, for sentencing. ECF No. 41.   After granting the Government's 5K1.1 motion for downward departure due to substantial assistance, Judge Hickey sentenced Garrison to 220 months in prison, 3 years of supervised release, and a $100 special assessment.  ECF No. 44.

On January 29, 2015, Garrison filed his first *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  ECF No. 48.   This first motion was denied as untimely on December 16, 2016.  ECF Nos. 57 and  68.  Garrison did not appeal this denial.

Garrison also filed two motions for reduction of sentence while the first § 2255 motion was pending.  ECF Nos. 55 and 59.  These motions for reduction of sentence were denied.  ECF Nos. 61-62.  He appealed the denial, and on September 15, 2015, the United States Court of Appeals for the Eighth Circuit summarily affirmed.  ECF No. 67-1.

2.      **Instant Motion**:

Garrison now files his second Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  ECF No. 73.  He raises three (3) issues:

a.  The First Step Act requires that he be resentenced;

b.  The Court erred in sentencing by not making a finding of the drug quantity attributable to him; and

c.  The Court erred by sentencing Garrison based on factors not found by a jury.

The Court appointed counsel to represent Garrison on this second Motion and invited a supplement if needed.  Appointed counsel responded and stated that no supplement would be beneficial to

Garrison.  ECF No. 76. The Government has responded to the Motion and asserts it is a successive motion filed without permission from the appropriate court of Appeals. ECF No. 77.  Alternatively, the Government asserts Garrison is not entitled to relief on the substance of his first claim.  *Id.* Further, the Government asserts Garrison is not entitled to assert the second and third claims because of his waiver of collateral attack on the sentence, the abuse of writ doctrine, and the fact that sentencing guideline issues are not cognizable on a § 2255 motion.  *Id.*

Because I find this Motion to be an unauthorized second or successive motion, I will only address that issue.

3.     **Discussion**:

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law.  The AEDPA severely limited the ability of a federal prisoner to seek reliever pursuant to § 2255 more than one time.  Specifically the AEDPA states:

> (b)(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 USC § 2244(b); and

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 USC § 2255(h).

The Eighth Circuit has held that when a successive § 2255 motion is filed in the district court

without prior compliance with the certification requirement, a district court lacks jurisdiction to entertain the § 2255 motion. *See United States v. Matlock*, 107 Fed.Appx. 697, 2004 WL 1809451 (8th Cir. Aug. 13, 2004) (unpublished opinion) ("[t]he district court properly dismissed the motion"); *Boykin v. United States*, 242 F.3d 373, 2000 WL 1610732 (8th Cir. 2000) (unpublished table decision) (the district court lacked the power and authority to entertain the defendant's second or successive § 2255 motion and the Eighth Circuit Court of Appeals remanded the case with directions to dismiss the motion for lack of jurisdiction).

Further, the Eighth Circuit has held that a later motion for relief pursuant to § 2255 is to be considered "second or successive" if an earlier motion was dismissed as untimely. *See Diaz–Diaz v. United States*, 297 Fed.Appx. 574, 575 (8th Cir.2008) (*per curiam*) (unpublished opinion). Other Circuits agree. *See, e.g., McNabb v. Yates*, 576 F.3d 1028, 1029–30 (9th Cir.2009); *Villanueva v. United States*, 342 F.3d 55, 61 (2d Cir.2003); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir.2003).

Because Garrison has not been authorized by the Eighth Circuit to file a second or successive § 2255 motion, this Court must either dismiss the instant action for lack of jurisdiction or transfer it to the Eighth Circuit Court of Appeals. *Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002)(*per curium*). Here, transfer to the Eighth Circuit would not serve the interest of justice as Garrison fails to cite a single case he contends establishes a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable to him.

He does claim relief under the First Step Act of 2018, however, that Act by its very terms is only applicable to sentences imposed for crimes involving cocaine base or crack cocaine committed prior to August 3, 2010. Garrison was sentenced in the underlying case for aiding and abbetting the distribution of cocaine which he admitted committing on September 8, 2011. The First Step Act,

-4-

while enacted following Garrisons's sentence, is not applicable to his case.

The other claims made by Garrison do not allege either a new rule of law retroactively applicable to his case or claim the existence of some evidence which would "establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense"

Thus, this Motion should be in all respects **DENIED**.

4.      **Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter.  Garrison is clearly not entitled to the relief he seeks.[2] Further, I find Garrison has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

5.      **Conclusion**:

Garrison's Motion is an unauthorized successive motion and should be DENIED.

6.      **Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 73) be **DENIED** and dismissed with prejudice. I also recommend any request of a certificate of appealability be **DENIED**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

---

[2]"A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*

objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 9th day of August 2019.**

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE